In the Matter of CENTURY ENTERTAINMENT CORPORATION, et al., Debtor.

Lillian BENCHIC, et al., Plaintiffs,

v.

CENTURY ENTERTAINMENT CORP., et al., Defendants.

Bankruptcy No. 3–81–04024.
Adv. No. 3–81–0242.

United States Bankruptcy Court,
S. D. Ohio, W. D.

June 15, 1982.

Ronald L. Burdge, Franklin, Ohio, for plaintiffs.

Larry Crowell and George Ledford, Englewood, Ohio, for debtors.

Robert E. Tait, James M. Ball, Robert Werth, Columbus, Ohio, for Beneficial Finance, creditor.

William E. Shirk, Lakeview, Ohio, for Raymond Hite, creditor.

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon Debtor's "Motion for Dismissal" filed on 2 June 1981, and "Amended Motion to Dismiss" filed on 11 June 1981 to supplement the earlier Motion. The Motion essentially requests that the Court order dismissal of the instant class action because of lack of subject matter jurisdiction and improper venue. Debtor also incorporated a separate "Motion for more definite statement" into the Amended Motion. Ruling on the Motion for More Definite Statement is specifically deferred, and not in issue herein.

Debtor initially contends that this Court lacks subject matter jurisdiction because the Complaint:

(1) does not contain a "short and plain statement of the grounds upon which jurisdiction depends," as required by Federal Rule of Civil Procedure 8(a)(1) [Interim Bankruptcy Rule 7002], and only excepted if, by terms of the rule, "the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it";

(2) does not allege United States citizenship of the Plaintiffs;

(3) fails to allege the "jurisdictional nexus" between "each Plaintiff and Defendant," (presumably referring to diversity jurisdiction), since Plaintiffs were "residents and consumers at all times relevant to Ohio, Kentucky, West Virginia and Indiana";

(4) fails "to allege the jurisdictional amount by stating that 'the matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000' "; and

(5) fails to "establish standing (of the representative Plaintiff) who must es-

tablish standing to sue in his own right," citing *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) and *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

It is the finding of the Court that Debtor's request for dismissal because of lack of subject matter jurisdiction is unwarranted. Bankruptcy Court jurisdiction is not dependent upon the limited jurisdictional grants to a United States district court. A plaintiff initiating an adversary proceeding in bankruptcy court need only establish that the matter is a "civil proceeding arising under title 11 or arising in or related to cases under title 11" in order to establish the existence of subject matter jurisdiction of a bankruptcy court. 28 U.S.C. § 1471(b). Therefore, the traditional elements of "diversity" and "amount in controversy," though relevant to a determination of district court jurisdiction, are inapplicable in the context of bankruptcy court jurisdiction, unless a bankruptcy court considers a removed matter on the basis of derivative jurisdiction. In addition, the concept of citizenship is only relevant to bankruptcy jurisdiction in regard to the right of a debtor to seek title 11 relief, and is thus inapplicable to the instant facts. 11 U.S.C. § 109. Further, given both the identity of the subject contracts and Plaintiffs' allegations of individual injury, it is the opinion of this Court that the Complaint *prima facie* establishes individual standing to sue, and thus establishes capacity to assert entitlement to maintain a class action as representatives of such class. *Warth v. Seldin, supra.*

Finally, although Plaintiffs have not complied with Interim Rule 7002 (since they have, on the face of the Complaint, failed to include a "short and plain statement" of jurisdictional grounds), it is the determination of the Court that such statement may be deemed permissive within the discretion of the Court if the Court concludes that amending the pleadings to include such statement would merely serve to satisfy a technical pleading requirement, and not assist in resolution of a matter of *bona fide*

contention. In the case at bar, the basis of subject matter jurisdiction is obvious, as the Complaint's caption refers to Debtor as such, and includes reference to the pendency of Debtor's estate proceeding. There cannot be serious doubt as to this Court's jurisdiction under 28 U.S.C. § 1471 over the matter *sub judice,* and sufficient facts to determine this Court's jurisdiction are evident on the fact of the instant Complaint. See 2A *Moore's Federal Practice* ¶ 8.07[1], and extensive citation therein. As stated in *First National Bank of Crown Point v. Camp,* 342 F.Supp. 871, 874 aff'd 463 F.2d 595 (N.D.Ind.1971):

> Under ordinary circumstances, the Court would either dismiss the complaint and permit the plaintiffs to refile, or permit amendment to the complaint to properly allege the jurisdictional statute. However, (the appropriate jurisdictional statute) ... is apparent from the face of the complaint, and ... upon a refiling or amendment, the only additional allegation which would need to be made for technical compliance with Rule 8(a)(1) would be that of the statute [28 U.S.C. § 1471 in the instant matter]. While better practice would have been to plead the statute, the Court is of the opinion that sufficient facts have been alleged to invoke jurisdiction.

Debtor's final basis for dismissal is improper venue, "... on account of the sheer number of Plaintiffs and Defendants with their differing addresses inside of Ohio thereby failing to meet the venue requirements of Federal Court jurisdiction." It is the determination of the Court that Debtor's contention lacks merit since the geographical residence of parties named in an adversarial proceeding is not relevant to the question of venue, and instead the sole criterion is whether the proceeding is related to or arises under a "case" pending before the Court, as the caption herein so indicates. 28 U.S.C. § 1473(a).

IT IS HEREBY ORDERED that Debtor's Motion for Dismissal and Amended Motion to Dismiss is DENIED.